UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR CARLISLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-838-WBV** |
| **NEWELL NORMAND, ET AL.** | **SECTION "D"(2)** |

## ORDER

The Court, having considered the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254,[1] the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge,[2] and the Objections filed by petitioner, Taylor Carlisle,[3] hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

### I.   PETITIONER'S OBJECTIONS

On September 18, 2019, the United States Magistrate Judge issued a Report and Recommendation to the Court, recommending that the instant Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.[4]  Thereafter, on October 2, 2019, Petitioner filed Objections to the Magistrate Judge's Report and Recommendation.[5]  Petitioner also filed a Motion to File Exhibit D Inadvertently Not Filed With Carlisle's Objection to Report and Recommendation (Rec. Doc. 69, Filed 09/18/2019), seeking to file portions of a deposition transcript that was inadvertently

---

[1] R. Doc. 1.
[2] R. Doc. 69.
[3] R. Doc. 70.
[4] R. Doc. 69.
[5] R. Doc. 70.

not filed with Petitioner's Objections.[6]  The Court granted that motion and the Exhibit was filed into the record.[7]

Generally, Petitioner objects to the entirety of the Magistrate Judge's findings and recommendations.  Although not entirely clear from his brief, it appears that Petitioner's Objections to the Magistrate Judge's Report merely restate the arguments raised in his original Petition.  Specifically, Petitioner objects that there is no evidence and no recorded state proceeding for his 2015 arrest and conviction for contempt under La. Code Crim. P. arts. 21-25.[8]  Petitioner takes issue with an October 9, 2015 *per curiam* issued by Judge Lee V. Faulkner of the 24th Judicial District Court in Jefferson Parish, Louisiana, and asserts that the contempt proceedings were conducted by Judge Faulkner, "in a closed courtroom, with no court reporter without record."[9]  Petitioner also asserts that unreliable minute entries, "dubious" circumstances surrounding a second *per curiam* issued by Judge Faulkner on November 23, 2015, and the state court record contradict Judge Faulkner's findings.[10]  Petitioner further argues that affidavits from eyewitnesses at his contempt hearing also contradict Judge Faulkner's two *per curiam* responses.[11]  Finally, Petitioner asserts that the contempt finding was a subterfuge by Judge Faulkner to impose jail time on drug court participants for conduct violations in order to keep them in the "cash cow" of drug court.[12]

---

[6] R. Doc. 71.
[7] R. Doc. 72.
[8] R. Doc. 70-1 at pp. 6-13.
[9] *Id.* at p. 7.
[10] *Id.* at pp. 8-12.
[11] *Id.* at pp. 12-13.
[12] *Id.* at pp. 13-14.

## II.  LAW AND ANALYSIS

The Court initially notes that Petitioner points to what he considers to be misstatements in the Magistrate Judge's *original* June 3, 2016 Report and Recommendation,[13] which was previously adopted by this Court.[14]  That decision (denying Petitioner's Petition as moot) was subsequently reversed by the Court of Appeals for the Fifth Circuit, which remanded the case back to this Court for further proceedings consistent with that court's opinion.[15]  Once the case was remanded, the matter was again referred to the Magistrate Judge for a Report and Recommendation,[16] and the Magistrate Judge issued the September 18, 2019 Report and Recommendation that is currently before the Court.[17]  To the extent that Petitioner objects to statements in the original Report and Recommendation, which have no bearing on the current Report and Recommendation, the Court overrules those objections.[18]  The Court likewise overrules Petitioner's objections to statements made by the Magistrate Judge during oral argument in this matter.  The Magistrate Judge's statements and questions during oral argument are not evidence and have not been considered by the Court in reviewing and ruling on Petitioner's Objections.

Petitioner also asks the Court to review the following pleadings in conducting its de novo review of the Magistrate Judge's Report and Recommendation: (1) the

---

[13] R. Doc. 30.
[14] R. Doc. 38.
[15] R. Doc. 63.
[16] R. Doc. 67.
[17] R. Doc. 69.
[18] R. Doc. 70-1, pp. 3-4, Magistrate description of the claim; p. 7, statements in the original R&R citing the 11-23-15 *per curiam* by the trial court; pp.9-10, statements made by the Magistrate Judge during oral argument in 2017.

Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254;[19] (2) Petitioner's Motion for a Full Evidentiary Hearing;[20] (3) the Affidavit of attorney Steven Lemoine;[21] (4) Petitioner's Supplemental Memorandum in Support of Motion for Evidentiary Hearing;[22] (5) Petitioner's Supplementary Memorandum Submitting Affidavit and Public Record Evidence;[23] (6) the Fifth Circuit's Grant of a Certificate of Appealability;[24] (7) the Transcript from Oral Argument before the Magistrate Judge on April 16, 2016;[25] (8) excerpts from Joe Marino's deposition;[26] (9) excerpts from Petitioner's deposition; [27] (10) excerpts from Joe McNair's deposition;[28] (11) excerpts from the state court record;[29] and (12) excerpts from the Electronic Record on Appeal to the Fifth Circuit.[30]

The Court has undertaken an exhaustive *de novo* review of the record, including the specific documents and exhibits referenced by Petitioner and Judge Faulkner's two *per curiam* responses. Petitioner spends much of his brief questioning the lack of transcripts from the drug court contempt proceedings. Petitioner also questions the accuracy of the state court minute entries and the "dubious circumstances" surrounding Judge Faulkner's second *per curiam* response, dated

---

[19] R. Doc. 1.
[20] R. Doc. 9.
[21] R. Doc. 15.
[22] R. Doc. 19.
[23] R. Doc. 29.
[24] R. Doc. 51.
[25] R. Doc. 70-3.
[26] R. Docs. 70-5 & 70-6.
[27] R. Doc. 70-4.
[28] R. Doc. 70-9.
[29] R. Doc. 70-7.
[30] R. Doc. 70-8.

November 23, 2015, which was issued at the request of the Louisiana Supreme Court. Initially, the Court notes that the state appellate court had the opportunity to address the issue of whether real-time transcription is required in drug court and, in particular, in this case, during its review. While the Louisiana Constitution requires a complete record before a person can be imprisoned, the record reflects that Petitioner, upon voluntarily participating in the drug court program, specifically waived "all due process rights which [he] may have under the U.S. Constitution and the Constitution of Louisiana involved in the administration of Drug Court and in particular the imposition of sanctions by the Drug Court Judge."[31] The state appellate court ruled "By agreeing to the probation agreement, we find defendant waived all of his due process rights under the Louisiana Constitution, including that afforded by Art. 1, § 19."[32] This Court agrees with that finding.

Further, the record clearly reveals that the Louisiana Supreme Court requested the second *per curiam* response from Judge Faulkner in its effort to review the record. The first line of the *per curiam* states "This Per Curiam is submitted pursuant to a request from Louisiana Supreme Court dated November 18, 2015."[33] The state court record clearly reflects that the *per curiam* was stamped and filed into the Louisiana Supreme Court on the same date. In support of his argument regarding the "dubious circumstances" surrounding the issuance of the second *per curiam* response, Petitioner asserts that he did not learn of the November 23

---

[31] State Court Record, Volume 1, signed waiver.
[32] State Court Record, Volume 1, October 16, 2015 Opinion from the Louisiana Court of Appeals for the Fifth Circuit.
[33] State Court Record, Volume 3, *Per Curiam* of November 23, 2015.

*per curiam* until the April 16, 2016 oral argument held before the Magistrate Judge, during which the opinion was revealed by defendant, Sheriff Normand, and that he was not copied on the *per curiam*.[34] The Court again notes that a review of the record reflects that the November 23, 2015 *per curiam* was filed into the public record with the Louisiana Supreme Court, in the same manner as the first *per curiam* was filed with the state appellate court.[35] Petitioner even acknowledges that the clerk of the Louisiana Supreme Court confirmed to counsel that the second *per curiam* was requested by the Louisiana Supreme Court.[36] The Court has found no basis for Petitioner's claim of "dubious circumstances" surrounding the issuance of the November 23, 2015 *per curiam*.

In support of his argument that the state court record contradicts Judge Faulkner's account in the *per curiams*, Petitioner asserts that the Attachment issued by the 24th JDC on August 25, 2015 is a fraud because it was issued due to Petitioner's alleged failure to appear in court that day, but a second minute entry for the same day shows that Petitioner appeared in court that morning for his regular bi-weekly status appearance.[37]

A review of the record shows that Petitioner failed to appear in drug court on August 25, 2015, an Attachment was issued, and Petitioner subsequently appeared in court that day. The record reveals a Minute Entry from August 25, 2015, stating that Petitioner failed to appear before the court and an Attachment was issued.[38]

---

[34] R. Doc. 70-1 at pp. 8-9.
[35] State Court Record, Volume 3.
[36] R. Doc. 70-1 at p. 9.
[37] R. Doc. 70-1 at pp. 10-11.
[38] *Id.*

The Attachment, as referenced herein, is in the record. The record also reveals a second Minute Entry from August 25, 2015 stating that, "the Court ordered the defendant to be given a sanction of 6 months JPCC flat time/ contempt."[39] Petitioner argues that the state record conflicts with the *per curiam* response issued by Judge Faulkner. The Court, however, finds no conflict between the state court record and the November 23, 2015 *per curiam* response. Petitioner further argues that the minute entries are suspicious because they are not signed by the judge. A review of Petitioner's entire state court record reveals many instances of minute entries, all electronically signed by Deputy Clerks, and none signed by the judge. Further, those minute entries are signed by several different Deputy Clerks, which calls into question Petitioner's assertion that the electronically signed minute entries are suspect.

Petitioner also relies on several affidavits to support his Petition and his Objections to the Magistrate Judge's Report. With regard to the Affidavit from Angela Fourreaux, the Court notes that this Affidavit only addresses the events of the April 28, 2015 drug court hearing.[40] Ms. Fourreaux admits that she and the other drug court participants were confused by the exchange between Judge Faulkner and Petitioner. She further admits that, "the questions were not formed in any way that made it easy to understand what Taylor was in trouble for," and that, "we all couldn't understand it."[41] Taken at face value, Ms. Fourreaux's Affidavit underscores that Petitioner was in trouble with the court during the

---

[39] *Id.*
[40] R. Doc. 19-7.
[41] *Id.* at pp. 2-3.

April hearing. Judge Faulkner's *per curiams* confirm this. Ms. Fourreaux's Affidavit does not add anything of substance to the contempt sanction issued as a result of Petitioner's failure to appear in court as ordered on August 25, 2015.

Petitioner also relies upon the Affidavit of Emile Heron, another drug court participant, who states that he was in court on both April 28, 2015 and August 25, 2015 with Petitioner.[42] Mr. Heron swears that he and Petitioner, his former roommate, drove to court together, though in separate cars, for the August 25, 2015 hearing.[43] He confirms that Petitioner did not turn in his required paperwork, and that Petitioner advised the court that he either "forgot it" or "don't have it."[44] Mr. Heron states that Petitioner was allowed to leave the court and that the two returned home separately, and that he later learned that Petitioner was arrested outside of the court.[45] Mr. Heron's Affidavit supports that Petitioner did not have the required paperwork.

Further, Judge Faulkner's November 25, 2015 *per curiam* response provides that, "Following this discussion [of the failure to turn in required paperwork], Taylor was allowed to leave court to meet with his probation officer. While proceeding to his meeting, Taylor informed Compliance Officer Klees that he had lied to staff and the 'court' about the whereabouts of his AA documentation. . . . Following his admission to Officer Klees, Taylor was incarcerated and held for future staffing."[46] Since Mr.

---

[42] R. Doc. 27-2 at pp. 2-3.
[43] *Id.* at p. 3.
[44] *Id.*
[45] *Id.*
[46] *Per Curiam* dated November 25, 2015, State record, Volume 3.

Heron was not a witness to anything that occurred once Petitioner left the court that day, the Court finds that Mr. Heron's Affidavit provides little support for Petitioner's arguments regarding the contempt proceeding. The Court further does not find the Affidavit of Mr. Heron to necessarily be in conflict with the facts as reflected in Judge Faulkner's November 25, 2015 *per curiam*. The Court further finds that the record, including the *per curiam* responses issued by Judge Faulkner, sufficiently detail the basis for the finding of contempt.

Finally, Petitioner asserts that the contempt finding was a subterfuge by Judge Faulkner to impose jail time on a drug court participant for conduct violations in order to keep him in the "cash cow" of drug court. In support of this argument, Petitioner provides evidence of the fees paid by Petitioner's mother on his behalf. In addition, Petitioner points to the testimony of Judge Scott Schlegel, 24th Judicial District Court, in May 2016 before committees of the Louisiana Legislature, wherein he testified in support of a bill that would authorize the drug court judges to incarcerate drug court offenders for technical violations. Petitioner asserts that Judge Schlegel's testimony that judges were currently using the contempt power supports his argument that Judge Faulkner did not really hold Petitioner in contempt. Petitioner claims that Judge Faulkner's responses to the state appellate court and Louisiana Supreme Court were subterfuges. This Court's review of the record as indicated herein does not support that claim. Instead, the record supports the Judge's finding of contempt.

Following the Court's *de novo* review of the record, the Court overrules Petitioner's Objections. The Court is convinced that the Magistrate Judge's well-reasoned analysis in his Report and Recommendation is correct, and the Court adopts the Report as its own.

Finally, Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[47] The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further.[48] "Any doubt regarding whether to grant a COA is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination."[49] While the Court is satisfied that it has given this matter its full consideration and that its ruling is correct, the Court also believes that reasonable jurists could debate whether the matter should have been resolved in a different way. The Court, therefore, grants Petitioner a certificate of appealability.

Accordingly,

---

[47] 28 U.S.C. § 2253(c)(2).
[48] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).
[49] *Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir.1997)." *Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

**IT IS ORDERED** that Taylor Carlisle's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241[50] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **GRANTS** Petitioner a certificate of appealability.

New Orleans, Louisiana, October 22, 2020.

*[signature]*
**WENDY B. VITTER**
**United States District Judge**

---

[50] R. Doc. 1.